UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EUGENE A. MATARESE,

                Appellant,                3:16-CV-0633
                                                              (GTS)

v.

JOHN A. ROBINSON; and CH. 13 TRUSTEE,

                Appellees.
_____

APPEARANCES:                                          OF COUNSEL:

EUGENE A. MATARESE
Appellant, *Pro Se*
P.O. Box 1065
New York, NY 10040

CROWLEY & REYNOLDS, LLP                KIERNAN M. CROWLEY, ESQ.
  Counsel for Appellee John A. Robinson
71 State Street, 2nd Floor, Suite A
Binghamton, NY 13901

OFFICE OF THE CHAPTER 13 TRUSTEE      MARK W. SWIMELAR, ESQ.
250 South Clinton Street, Suite 203
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this bankruptcy proceeding commenced by John A. Robinson ("Debtor"), is an appeal filed *pro se* by creditor Eugene Matarese ("Creditor"), seeking review of an Order by United States Bankruptcy Judge Diane Davis dated May 11, 2016, denying Creditor's motion to authorize the release of funds held by the Chapter 13 trustee pursuant to a post-dismissal restraining notice. (Dkt. No. 2, Attach. 1.) For the reasons that follow, the appeal is denied and Bankruptcy Judge Davis's order is affirmed.

I.      **RELEVANT BACKGROUND**

   A.      **Proceedings in Bankruptcy Court**

On May 29, 2015, Debtor filed a Chapter 13 bankruptcy petition. *In re Robinson*, 15-60807, Petition (N.D.N.Y. Bankr. filed May 29, 2015) ("Matter on Appeal"). On March 2, 2016, Debtor filed a notice of voluntary dismissal, and, by Order entered on March 7, 2016, Bankruptcy Judge Davis dismissed Debtor's petition. (Matter on Appeal, Dkt. No. 67.)

On April 7, 2016, Creditor filed a "Motion for Order Authorizing Release of Funds Held Under Garnishment." (Matter on Appeal, Dkt. No. 72.) In essence, Creditor's motion requested an order permitting the Chapter 13 trustee to release funds (which had been paid to the trustee by Debtor pursuant to the bankruptcy plan, and were still held by the trustee) to Creditor in satisfaction of the debt that Debtor owed to Creditor. According to Creditor's motion, he had caused a restraining notice to be served on the Chapter 13 trustee by the Delaware County Sheriff's Office on March 19, 2016. (*Id.*)[1] In support of his motion, Creditor attached, *inter alia*, a copy of a Restraining Notice to Garnishee, addressed to Mark W. Swimelar, the Chapter 13 trustee. (*Id.*) Creditor's motion was unopposed.

In an Order signed on May 11, 2016, the Bankruptcy Court denied Creditor's motion. (Dkt. No. 2, Attach. 1.) In so doing, the Court concluded that "[t]he plain language of [11 U.S.C. §] 1326(a)(2), the policies behind that provision, and the Supremacy Clause all mandate return of

---

[1] The affidavit of service provided by the Delaware County Sheriff's Office reflects that the restraining notice was served upon Debtor, not upon the Chapter 13 trustee. (Matter on Appeal, Dkt. No. 73, Attach. 1.) In his "Motion for Order Authorizing Release of Funds Held Under Garnishment," Creditor asserted that the restraining notice was somehow "sent to the" trustee at an unspecified point in time. (Matter on Appeal, Dkt. No. 72 at 1.)

plan payments directly to the debtor upon dismissal, despite the existence of a garnishment."
(*Id.* at 2 [quoting *In re Locascio*, 481 B.R. 285 (Bankr. S.D.N.Y. 2012)].)

Creditor filed a motion requesting reconsideration of the Court's order pursuant to Fed. R. Civ. P. 59(e) and/or 60(b). Creditor's motion for reconsideration was unopposed. In an order dated June 2, 2016, the Bankruptcy Court denied Creditor's motion. (Dkt. No. 2, Attach. 2.) This appeal ensued.[2]

The Court assumes the reader's familiarity with the procedural history of the matter on appeal and therefore will not further recite that procedural history.

### B. Parties' Arguments on Appeal

Generally, construed liberally, Creditor's appellate brief (entitled "Memorandum of Law") argues that the Bankruptcy Court should have granted his motion for the release of funds held by the Chapter 13 trustee to Creditor in satisfaction of the debt that Debtor owed to Creditor because Debtor voluntarily dismissed his case, the automatic stay was lifted, and Debtor's funds were subject to available state court remedies (in this case, garnishment). (Dkt. No. 10 [Creditor's App. Br., citing *In Re Doherty*, 229 B.R. 461, 466 (Bankr. E.D. Wash. 1999)].)

Debtor failed to file a responsive brief, and the deadline by which to do so has passed.[3]

---

[2] Creditor filed his amended notice of appeal with the Clerk of the Bankruptcy Court on May 23, 2016, i.e., after he filed his motion for consideration, but before the Bankruptcy Court denied the motion. (Matter on Appeal, Dkt. Nos. 82, 87, 89.) Creditor's amended notice of appeal identifies the Bankruptcy Court's "dismissal of creditor's release of funds held under garnishment," entered May 11, 2016, as the order from which his appeal is taken. (Dkt. No. 2.) However, filed with the amended notice of appeal appearing on the Docket Sheet for this appeal is a copy of the Bankruptcy Court's order denying his motion for reconsideration. (Dkt. No. 2, Attach. 2.) In any event, Creditor's motion for reconsideration did not raise any new arguments or point to any new evidence. The Court therefore concludes that, for the reasons discussed below, the Bankruptcy Court also correctly denied Creditor's motion for reconsideration.

[3] On October 11, 2016, the Court issued a Text Order *sua sponte* extending the deadline for Appellees to file a responsive brief (should they so choose), but, as noted above, they have not done so.

## II. GOVERNING LEGAL STANDARD

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). On an appeal, "a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Verna v. U.S. Bank Nat'l Ass'n*, 15-CV-1127, 2016 WL 5107115, at *2 (N.D.N.Y. Sept. 20, 2016) (Kahn, J.) (citing former Fed. R. Bankr. P. 8013); *accord*, *W. Milford Shopping Plaza, LLC v. The Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 14-CV-4170, 2015 WL 6395967, at *2 (S.D.N.Y. Oct. 21, 2015).[4] The bankruptcy court's legal conclusions are subject to de novo review. *See Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003). The court reviews mixed questions of law and fact "either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n.11 [2d Cir. 2009]).

Where an appellee has failed to file a responsive brief in a bankruptcy appeal, the appropriate remedy is not the automatic granting of the appellant's appeal, but a review of the merits of the appeal, and the preclusion of the appellee from being heard at oral argument. The relevant rule–Fed. R. Bankr. Proc. 8009–sets a time limit for appellee's brief but is silent on the issue of whether a sanction should be issued against a non-filing appellee. *See* Fed. R. Bankr.

---

[4] Although Fed. R. Bankr. P. 8013 was amended in 2014 and no longer explicitly states, *inter alia*, that a district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree," "logic still compels the same conclusion with respect to the appellate powers of the District Court." *In re Great Atl. & Pac. Tea Co.*, 2015 WL 6395967, at *2 & n.1.

Proc. 8009. However, decisions addressing such failures to file commonly look to Fed. R. App. Proc. 31 (after which Fed. R. Bankr. Proc. 8009 was adapted) for guidance in deciding what sanction might be appropriate.[5] Appellate Rule 31 provides, in pertinent part, that "[a]n appellee who fails to file a brief will not be heard at oral argument unless the court grants permission." Fed. R. App. Proc. 31(c).

**III.    ANALYSIS**

After carefully considering the matter, the Court affirms Bankruptcy Judge Davis's denial of Creditor's motion to authorize the release of funds held by the Chapter 13 trustee, as well as Bankruptcy Judge Davis's denial of Creditor's motion for reconsideration, for the reasons that follow.

As a threshold matter, and based upon the record on appeal and designation filed by Creditor, the Court concludes that the restraining notice at issue does not comply with New York Civil Practice Law and Rules ("CPLR") § 5222(a). Specifically, CPLR § 5222(a) provides that a restraining notice "may be issued *by the clerk of the court* or *the attorney for the judgment creditor as officer of the court*[.]" CPLR § 5222(a) (emphasis added); *see also* 9B Carmody-Wait 2d § 64:343 ("With ordinary money judgments, it is usually the attorney who issues the restraining notice, acting as an officer of the court in so doing. In that instance, the restraint results without a court order or any other preliminary judicial authorization.").[6]

---

[5] *See*, *e.g.*, *In re Rauso*, 212 B.R. 244, 244 (E.D. Pa. 1997) (concluding that "Appellate Rule 31(c) will be applied and GE [appellee] will be prohibited from offering oral argument without permission of the Court" but continuing analysis to determine that Appellant's appeal was without merit and no oral argument was necessary).

[6] With certain limited exceptions not at issue here, "[a] judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest[.]" CPLR § 5222(b). "While it is important to define what a restraining notice is, it is equally helpful here to determine what a restraining notice is not. A restraining notice 'establishes neither a lien against the debt or

5

Moreover, the statute also requires that the restraining notice "shall contain an original signature or copy of the original signature of the clerk of the court or attorney or the name of the support collection unit which issued it." CPLR § 5222(a). Here, the restraining notice personally served upon Debtor and mailed to the Chapter 13 trustee in this case contains only Creditor's signature. (Matter on Appeal, Dkt. No. 72, Attach. 1, at 5-6.) The restraining notice does not bear a signature, stamp, or any other indicia suggesting that it was issued by the clerk of the court that awarded Creditor a judgment against Debtor or by an attorney acting as officer of the court. (*Id.*) Rather, a company logo and internet hyperlink visible in the corner of the restraining notice suggests that it was a form document retrieved from a source other than the clerk of the court that awarded Creditor a judgment against Debtor and was filled out (and signed) by Creditor himself. (*Id.*)

Second, in any event, the restraining notice also does not comply with the notice requirements contained in CPLR § 5222(d) and (e). Pursuant to these subsections, a restraining notice must advise the debtor or obligor to whom it is directed that the debtor may consult with an attorney, and that "certain money or property [cannot be] taken to satisfy judgments or orders," including 13 enumerated exempt items. CPLR § 5222(e). Because the restraining notice used by Creditor in this case did not comply with the statutory notice requirements, the Court concludes that it was defective. *See, e.g., Chemical Bank v. Flaherty*, 121 Misc. 2d 509, 510-11 (N.Y. Civ. Ct. 1983) (holding that a judgment creditor serving a restraining notice "must

---

property to which it is directed or priority over any other judgment creditor or lienor, who may subsequently pursue that same debt or property.'" *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Risk Retention Grp., LLC*, 16-MC-0340/15-CV-7505, 2016 WL 6208288, at *6 (S.D.N.Y. Oct. 18, 2016) (quoting 4A N.Y. Practice § 58:18 [4th ed.]).

plead and prove compliance with [CPLR § 5222](d)" and that "[t]o hold otherwise would serve to emasculate the protection afforded to judgment debtors by the 5222(e) notice"); *see also Kitson & Kitson v. City of Yonkers*, 40 A.D.3d 758, 760 (N.Y. App. Div. 2d Dep't 2007) (noting that "[t]he failure to serve a CPLR 5222(d) or 5232(c) notice upon McKiernan rendered the execution ineffective"); *Lincoln Fin. Servs., Inc. v Miceli*, 851 N.Y.S.2d 58 (Table), 2007 WL 2917242, at *5 (N.Y. Dist. Ct. Nassau Cty. Oct. 9, 2007) ("The failure to fully comply with [the] provisions [set forth in CPLR § 5222(e)] renders the execution ineffective, necessitating vacating the Restraining Notice and/or execution.").

Third, and finally, the Court notes that, even if the restraining notice were not rendered void by the defects discussed above, the restraining notice cannot provide the relief sought by Creditor. Specifically, Creditor's motion sought "an order authorizing the *release* of fund[s] held as garnishment be turn[ed] over [*sic*] to [C]reditor." (Matter on Appeal, Dkt. No. 72 at 2 [emphasis added].) However, the purpose of a restraining notice is to *prohibit the transfer* of funds to which a creditor is entitled for a period of time, during which the creditor may avail himself or herself of other state court remedies for recovering on a debt or judgment. *See generally* CPLR Art. 52; *United States v. Ceparano*, 98-CR-0922, 2009 WL 8690129, at *3 (E.D.N.Y. May 13, 2009) ("The restraining notice may . . . be used independently of other enforcement devices, to prohibit the judgment debtor from disposing of assets, thereby encouraging him to satisfy the judgment . . . [o]r, the restraining notice may be used in conjunction with other enforcement devices, to maintain the status quo while the judgment creditor seeks a delivery, turnover, or receivership order in what were formerly called supplementary proceedings."); Siegel, N.Y. Prac. § 508 (5th ed.) ("[T]he restraining notice . . .

acts as a kind of freeze on such of the debtor's assets as the served person may have, during which the judgment creditor can use other devices, such as an execution, to try to have the property turned over. It buys time, in other words."). In short, Creditor cannot use the restraining notice, independent of any other remedy, to compel the Chapter 13 trustee to hand over to Creditor any funds that Debtor paid pursuant to the bankruptcy plan before the case was dismissed.

For each of these three alternative reasons, the Court concludes that Bankruptcy Judge Davis properly denied Creditor's motion seeking authorization for the Chapter 13 trustee to distribute Debtor's funds to Creditor, as well as Creditor's motion for reconsideration. *See Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. Mar. 8, 2010) (noting that a district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the [Bankruptcy Court's] decisions below"); *Borrero v. Connecticut Student Loan Found.*, 97-CV-1382, 1997 WL 695515, at *1 (D. Conn. Oct. 21, 1997) ("In reviewing the bankruptcy court's decision, a district court . . . can affirm the decision on 'any ground supported in the record.'") (quoting *In re Coronet Capital Co.*, 94-CV-1187, 1995 WL 429494, at *2 [S.D.N.Y. July 20, 1995]).

**ACCORDINGLY**, it is

**ORDERED** that Creditor's appeal is **DENIED**, and Bankruptcy Judge Davis's Order is **AFFIRMED**.

Dated: December 7, 2016
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge